# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ENEIDA JOHNSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT BUREAU COLLECTION SERVICES, INC., <br><br> Defendant. | Case No.: 17-cv-369 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Eneida Johnson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Credit Bureau Collection Services, Inc., ("CBCS") is an Ohio corporation with its principal place of business located at 250 East Broad St Columbus, OH 43215. It does business under the fictitious or trade name "CBCS."

6. CBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. CBCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CBCS is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about December 14, 2016, CBCS mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt in Exhibit A was a personal credit card debt, allegedly owed to "USAA FEDERAL SAVINGS BANK" ("USAA").

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by CBCS to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that CBCS sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. Exhibit A contains the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g(a).

14. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

15 U.S.C. § 1692g(a)(1).

15. <u>Exhibit A</u> contains the following text:

| Client Name | Client Account# | Service Date | Balance |
|---|---|---|---|
| USAA FEDERAL SAVINGS BANK | 0431 | 10/23/13 | 3238.85 |

16. <u>Exhibit A</u> also states:

Total Due for 1 accounts: $3,238.85

17. It is not clear what amount <u>Exhibit A</u> is attempting to collect.

18. Upon information and belief, the debt listed in <u>Exhibit A</u> is a credit card debt.

19. A service date generally refers to the date a creditor delivered the service to the customer they are invoicing.

20. In terms of a credit card debt, listing a service date is confusing, misleading and false to the unsophisticated consumer recipient.

21. A service date on a credit card debt implies that the charges listed next to it are exclusive to that date, or reflect the charges for the services charged to the credit card on that particular date, not for the entire amount due.

22. The statement above the service date states: "Total Due for 1 accounts." This statement only serves to confuse the unsophisticated consumer recipient further.

23. The language in the preceding paragraph is inherently confusing and ambiguous. It could have any number of meanings, including meanings that imply that the balance is not actually the current balance due.

24. Regardless of whether the amount sought in <u>Exhibit A</u> is the correct amount or is not correct, CBCS's letter (<u>Exhibit A</u>) fails to clearly state the amount of the debt on the date that the letter is sent to the consumer, in violation of 15 U.S.C. §§ 1692e and 1692g(a)(1).

3

25. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

27. 15 U.S.C. § 1692e(10) also prohibits any "false representation or deceptive means to collect or attempt to collect any debt.

28. The Seventh Circuit has held that a debt collector must state the correct amount of the debt on the date a letter is sent to a consumer. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000):

> It is no excuse that it was "impossible" for the defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due--interest and other charges as well as principal--on the date the dunning letter was sent. We think the statute required this.

29. While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

4

30. CBCS's letters (Exhibit A) fail to clearly state the amount of the debt on the date that the letters are sent to the consumer.

31. The letters identify a date of service and a specified dollar amount, but then confuse and mislead as to what the actual amount due is.

32. Thus, the amount represented may or may not be the actual "amount of the debt" on Exhibit A.

33. CBCS's misrepresentation is a material false statement (*see Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)) because it misleads the unsophisticated consumer about the amount of the debt. 15 U.S.C. § 1692e(2)(a).

34. Plaintiff was confused by Exhibit A.

35. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

36. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A.

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708,

5

2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

### COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. The language in CBCS's letters is false, misleading and confusing to the unsophisticated consumer, in that the language fails to state an amount of the debt.

41. CBCS's misrepresentation is a material false statement. Failure to clearly state the amount of the debt is conduct that Congress has expressly made a violation of the FDCPA. 15 U.S.C. § 1692e(2)(a).

42. Failure to clearly provide an accurate amount of the debt is also a "false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

43. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g(a)(1).

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 10, 2016 and March 10, 2017, (e) that was not returned by the postal service.

45. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

46. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(1).

47. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

7

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 10, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge @ademilaw.com
dmorris@ademilaw.com